IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 1:17-cv-02571-LTB

ELIZABETH SHAW

 Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

 Defendant.

---

## ORDER

---

This case is before me on Plaintiff Elizabeth Shaw's motion to remand to the

state court under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. (ECF

No. 8). Because there is insufficient evidence that more than $75,000 is in

controversy, this Court lacks jurisdiction. I accordingly GRANT the motion. (ECF

No. 8). This case is remanded back to the El Paso County, Colorado District Court.

## I. BACKGROUND

This is a premises liability case originally filed in the El Paso County,

Colorado District Court. In her state court complaint, Ms. Shaw alleged that she

was injured when a Home Depot employee tried to move some gutters and they fell

on her. Her complaint did not specify the amount of damages she sought, but in the

civil cover sheet for her case, she checked the box indicating that she was seeking a

"monetary judgment over $100,000." (ECF No. 20 at 17.) Colorado courts require

litigants to file a civil cover sheet because the courts use the form to determine

whether the case is subject to a simplified procedure under Colorado Rule of Civil

Procedure 16.1. If a plaintiff claims that more than $100,000 is at issue (including

any attorney fees, penalties or punitive damages, but excluding interest and costs)

the simplified procedure does not apply. C.R.C.P. 16.1(a)(2).

When Ms. Shaw later served her initial disclosures under Colorado Rule of

Civil Procedure 26(a)(1), she again claimed her total damages were "more than

$100,000 dollars," although she did not specify the source of that figure except for

claiming medical expenses of over $7,631.77, out of pocket expenses of $300, and

several other categories of damages without corresponding dollar amounts. (ECF

No. 20 at 23.) After receiving the initial disclosures, Home Depot removed the case

to this Court based on diversity jurisdiction.

Ms. Shaw moved to remand the case under 28 U.S.C. § 1447(c), arguing that

her actual damages were in fact below the $75,000 threshold for diversity cases,

despite her earlier statements. (ECF No. 8.) She attached a sworn affidavit to the

motion, declaring that her damages were actually less than $75,000. (ECF No. 8-1.)

Home Depot opposed the remand, arguing that it had established that more than

$75,000 was in controversy based on the civil cover sheet and Ms. Shaw's initial

disclosures, both of which suggested her damages were over $100,000.

## II. ANALYSIS

When a plaintiff files in state court a civil action where the federal courts

would have original jurisdiction, a defendant may remove the case to federal court.

28 U.S.C. § 1441(a). To remove a case from a state court to a federal court, a

defendant must file a notice in the federal court "containing a short and plain

statement of the grounds for removal." § 1446(a). When, as here, removal is based on diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000. § 1332(a)(1). The parties do not dispute that they are citizens of different states. The only question before this Court is whether a preponderance of the evidence establishes that more than $75,000 is in controversy.

If the plaintiff's complaint does not state the amount in controversy, the defendant may state the amount in the notice of removal. § 1446(c)(2)(A). Under § 1446(a), a defendant's notice of removal need only include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). If the plaintiff or court questions the defendant's allegation, then the court must find, based on a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. *Id.*; *see* § 1446(c)(2)(B).

Ms. Shaw's varying statements are the only evidence regarding the amount in controversy. While her state court civil cover sheet and initial disclosures indicated her damages were over $100,000, her more recent statements indicate otherwise. Ms. Shaw submitted an affidavit, signed under penalty of perjury, attesting that her damages do not exceed $75,000. (ECF No. 8-1.) She also submitted an itemized compilation of her medical bills, which total roughly $22,000, and explained that she doesn't have a claim for lost wages because she doesn't work. (ECF No. 21 ¶ 7; ECF No. 21-1.) These statements are significantly more probative

than the boilerplate statements in the civil cover sheet and initial disclosures. *See Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1215 (D. Colo. 2007) ("Reliance solely on the Civil Cover Sheet as a demonstration of the amount in controversy is not permissible . . . ."); *KSM Int'l, LLC v. Wickman*, No. 15-CV-2826-WJM-MEH, 2016 WL 8577461, at *2 (D. Colo. May 11, 2016) (holding that civil cover sheet, together with statement from plaintiff's attorney that damages were above $100,000, were too imprecise to demonstrate amount in controversy exceeded $75,000); *Bauer v. Kipling*, No. 10CV01615WYDMEH, 2010 WL 2867868 (D. Colo. July 21, 2010) ("[I]t is impossible for me to determine from these general allegations whether the total damages will exceed $75,000 as required to establish diversity jurisdiction.").

Nevertheless, Home Depot insists that the amount-in-controversy requirement is met, citing the Supreme Court's decision in *Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381 (1998). In *Schacht*, the Court held that a court's jurisdiction is essentially fixed at the time of removal. *Id.* at 391 (explaining that if a "*later* event," like "a subsequent reduction of the amount at issue below jurisdictional levels, destroys previously existing jurisdiction," the "federal court will *keep* a removed case"). Home Depot essentially argues that Ms. Shaw's revised estimates of her damages are akin to a later event that does not impact this Court's jurisdiction. However, according to Ms. Shaw's affidavit and the itemized compilation of her medical bills—the most probative evidence on this point—less than $75,000 was in controversy when this case was removed. Ms. Shaw's

boilerplate pleadings to the contrary reflect slipshod lawyering, but they don't suggest that a "later event" reduced the amount in controversy. *Schacht* doesn't change the outcome here.

Home Depot also argues that Ms. Shaw's revised estimate of her damages is little more than an attempt to manipulate this Court's jurisdiction. To dissuade her and other litigants from this conduct, Home Depot advocates rejecting her attempts to reduce the amount in controversy. This argument overlooks the fact that Ms. Shaw swore, under penalty of perjury, that her damages do not exceed $75,000. She is likely bound by this statement—which this Court has deemed credible and accepted as fact—going forward. *See In re Tonko*, 154 P.3d 397, 405 (Colo. 2007) ("Issue preclusion bars relitigation of a legal or factual matter already decided in a prior proceeding." (footnote omitted)). It seems unlikely that a litigant would purposely reduce the amount she could recover just to defeat federal jurisdiction.

Consistent with the strong presumption against removal of civil actions to federal court based on diversity jurisdiction, I conclude that the evidence is insufficient to demonstrate subject matter jurisdiction. *See Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee*, 135 S. Ct. 547.

## III. CONCLUSION

Because a preponderance of the evidence demonstrates that less than $75,000 is in controversy, Ms. Shaw's Motion to Remand Case to El Paso County, Colorado District Court (ECF No. 8) is GRANTED. The Clerk shall REMAND this case to El Paso County District Court and shall terminate this action.

Dated: April ___9___ , 2018, in Denver, Colorado.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T.  BABCOCK, Judge